OPINION
{¶ 1} Defendant-appellant Charles Harvey ("Harvey") brings this appeal from the judgment of the Court of Common Pleas of Marion County.
 {¶ 2} Harvey was incarcerated at North Central Correctional Institution ("NCCI") for two robbery convictions and a burglary conviction. On December 22, 2003, Harvey was involved in a confrontation with inmate Art Wilson ("Wilson"). Harvey at one point pulled out his "cutter", which was actually a can lid, and swung at Wilson, cutting his cheek. Harvey claimed that he committed the act in self-defense because he was in fear of great bodily harm. After cutting Wilson, Harvey ran away. Wilson and his friend chased Harvey and began beating him. A correctional officer broke up the altercation and took the lid away from Harvey.
 {¶ 3} On February 12, 2004, the Marion County Grand Jury indicted Harvey on two counts of felonious assaults, felonies of the second degree, and one count of possession of a weapon while under detention, a felony of the fourth degree. A jury trial was held on September 20 and 21, 2004. The jury found Harvey not guilty of the felonious assaults, but guilty of the possession of a weapon while under detention. A sentencing hearing was held on November 18, 2004. After the hearing, the trial court ordered Harvey to serve a sentence of five years and ordered that it be served consecutive to his prior sentence. Harvey appeals from this judgment and raises the following assignments of error.
The record contains insufficient evidence to support[Harvey's] conviction for possessing a deadly weapon while underdetention.
 Assuming arguendo that [Harvey's] conviction is supported bysufficient evidence, the offense was a fourth degree felonyrather than a third degree felony.
 The trial court erred when it failed to support its findingswith reasons to justify the order for [Harvey] to serve a maximumsentence.
 The trial court abused its discretion and violated theConstitution of the United States when it sentenced [Harvey]based on facts not reflected in the jury's verdict or admitted[Harvey].
 The trial court abused its sentencing discretion when itconsidered the facts used to support the assault charges [Harvey]was acquitted of.
 {¶ 4} In the first assignment of error, Harvey claims that the evidence was insufficient to find that he possessed a deadly weapon.
When reviewing the sufficiency of the evidence to support acriminal conviction, a court must examine the evidence admittedat trial to determine whether such evidence, if believed, wouldconvince the average juror of the defendant's guilt beyond areasonable doubt. The relevant inquiry is whether, afterreviewing the evidence in a light most favorable to theprosecution, any rational trier of fact could have found theessential elements of the crime proven beyond a reasonabledoubt.
 State v. Ready (2001), 143 Ohio App.3d 748, 759,758 N.E.2d 1203.
 {¶ 5} Here, Harvey was convicted of possession of a deadly weapon while under detention, a violation of R.C. 2923.131. To prove this charge, the State must prove the following elements: 1) Harvey possessed, 2) a deadly weapon, 3) while in prison, 4) for an aggravated second degree felony committed prior to 1996. The only testimony concerning whether the weapon was deadly came from State Trooper Redden, who testified as follows.
Q. Okay. Now, you would agree that the lid by itself or whathave you is not a deadly weapon; is that correct?
 A. Correct.
The State did not follow up with a question concerning whether the lid in this instance would qualify as a deadly weapon. Thus, there was no direct testimony that Harvey possessed a deadly weapon. However, Harvey admitted that he had a can lid in his possession. In his written statement Harvey admitted that after Wilson pushed him, he cut Wilson with the lid. The jury saw the photographs of the damage done to the face of Wilson by the can lid. Viewing the evidence in a light most favorable to the State, a reasonable juror could conclude that the can lid may have been a deadly weapon. The evidence was sufficient to support the verdict. The first assignment of error is overruled.
 {¶ 6} A review of the record, however, reveals that the jury did not make a finding that Harvey possessed a deadly weapon. The statute requires that the weapon be deadly. R.C. 2923.131. A deadly weapon is defined as "any instrument, device or thing capable of inflicting death, and designed or specially adapted for use as a weapon, or possessed, carried, or used as a weapon." R.C. 2923.11(A). The Ohio Jury Instructions recommends the following instruction for a charge under R.C. 2923.131.
The defendant is charged with possession of a deadly weaponwhile under detention. Before you can find the defendant guilty,you must find beyond a reasonable doubt that on or about the ____day of ____, ____, and in ____ (County) (otherjurisdiction), Ohio, the defendant possessed a deadly weaponwhile (under) (in) detention at a detention facility and
* * *
(C)(2)(c)(i) the defendant was (under) (in) detention forcommission of the offense of (identify * * * second degreeaggravated felony offense committed prior to July 1, 1996; * * *for which the defendant was under detention).
4 Ohio Jury Instructions (2005) 665-666, Section 523.131. The instruction continues to define possession and deadly weapon. This instruction provides guidance to the jury of all of the elements that the State is required to prove.
 {¶ 7} In this case, however, the jury was not instructed at any time that the weapon had to be deadly.[1] The instruction given to this jury was as follows.
Count three. The defendant is charged with the offense ofpossession of weapon while under detention in Count III of theindictment. Before you can find the defendant guilty ofpossession of weapon while under detention, you must find beyonda reasonable doubt that on or about December 22, 2003, and inMarion County, Ohio, the defendant did:
 A. Recklessly;
 B. possess a weapon
 C. while under detention at a detention facility.
Tr. 397-98. The jury was then given verdict sheets that merely required them to find that Harvey possessed a weapon. At no point in time was the jury required to find that the Harvey possessed a deadly weapon as set forth in R.C. 2923.131.[2] The jury had clear evidence that Harvey possessed a weapon, however, the question as to whether it was a deadly weapon was the issue, especially since Trooper Redden testified that generally a can lid is not considered to be a deadly weapon. Thus, as a matter of law, the jury instructions and verdict forms were not adequate because they did not set forth all of the essential elements of the offense. By not requiring a finding on all of the elements of the offense, Harvey was prejudiced and plain error resulted. For this reason, the conviction must be reversed for a new trial.
 {¶ 8} The second assignment of error claims that the evidence was insufficient to support a finding that Harvey was incarcerated for an aggravated felony of the second degree committed prior to July 1, 1996, at the time of the offense. The exhibits presented by the State indicate that in 1993, Harvey was sentenced to two 8-15 year prison terms for aggravated felonies of the second degree. After his parole in 2002, Harvey committed a burglary, a third degree felony, and was sentenced to a determinate sentence of three years in prison. In addition, his parole was revoked and he was returned to prison on the original sentences. This 2002 sentence was ordered to be served concurrent with the remainder of the 1993 sentences. At the time of the offense, Harvey had approximately two years remaining on the 2002 sentence and a possible five years remaining on the 1993 sentences. Thus, Harvey was serving a sentence for aggravated felonies of the second degree at the time this offense occurred. The second assignment of error is overruled.
 {¶ 9} The final three assignments of error all address alleged errors in sentencing. Having found prejudicial error in the trial and ordered a new trial, any errors in sentencing are moot. Thus, we will not address them at this time.
 {¶ 10} The judgment of the Court of Common Pleas of Marion County is reversed and the cause is remanded for further proceedings.
Judgment reversed and cause remanded.
 Cupp, P.J., and Shaw, J., concur.
[1] Although the indictment lists that the weapon must be deadly, the indictment was not read to the jury at any time. There is no evidence that the jury was presented with a copy of the indictment in the record.
[2] The jury was instructed that they had to find Harvey used a deadly weapon to inflict serious physical harm to convict on the felonious assault charge in Count II. The jury returned a not guilty verdict on that charge.